# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1055V
Filed: December 5, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
LORI LEE-STROBL,                      *
                                      *
             Petitioner,              *
v.                                    *
                                      *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
             Respondent.              *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Anne Carrion Toale*, Maglio, Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 21, 2015, Lori Lee-Strobl ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleged that she suffered from a shoulder injury as a result of receiving an influenza ("flu") vaccine on October 23, 2014.  On June 21, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation.  (ECF No. 26).

On October 28, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 31).  Petitioner requests attorneys' fees in the amount of $17,149.20, and attorneys' costs in the amount of $1,138.33, for a total amount of $18,287.53.  *Id.* at 1-3.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.

On November 17, 2016, respondent filed a response to petitioner's motion.  (ECF No. 32).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $13,000.00  to $16,000.00," citing to two "similarly situated SIRVA" cases based on her survey of fee awards in similar cases and her experience litigating Vaccine Act claims.  *Id.* at 3.

On November 18, 2016, petitioner filed a reply.  (ECF No. 33).  Petitioner argues that respondent's position of objecting to petitioner's fees and costs without offering contrary evidence is overly burdensome on the Court and prejudices petitioner.  Petitioner also argues that respondent's fee ranges are not supported by the Vaccine Act and that fees and costs must be considered on a case-by-case basis.  In addition, petitioner argues that respondent combines the amounts claimed for attorney's fees with the amount claimed for costs and as such, respondent's arguments do not rise to the level of reliable evidence.  Finally, petitioner argues that she has met her burden of establishing reasonable fees and costs and respondent has failed to offer any relevant evidence in opposition.  *Id.* at 1-3.

On October 14, 2016, Special Master Corcoran issued a reasoned decision in *Dezern v. Sec'y of HHS*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016), addressing the issue of an award of appropriate hourly rates for the attorneys in the Maglio, Christopher & Toale, PA, law firm office located in Sarasota, Florida.  The undersigned adopts the same reasoning in this case.  Furthermore, the undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $<u>18,287.53</u>[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel <u>Maglio Christopher & Toale, PA</u>.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

2

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.